IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-00819-PAB
Criminal Case No. 09-cr-00253-PAB

UNITED STATES OF AMERICA,

      Plaintiff,

v.

FRANCISCO JAVIER CORRALES-FELIX,

      Defendant.

---

**ORDER**

---

This matter is before the Court on the document titled "Reconsideration to Motion to Correct Sentence Pursuant to U.S.S.G. § 5G1.3" [Docket No. 38] filed *pro se* on May 11, 2015 by defendant Francisco Javier Corrales-Felix.  The Court must construe the motion liberally because Mr. Corrales-Felix is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *Hall*, 935 F.2d at 1110.

Mr. Corrales-Felix asks the Court to reconsider the Court's Order Denying 28 U.S.C. § 2255 Motion [Docket No. 36], which denied his Motion to Correct Sentence Pursuant to U.S.S.G. § 5G1.3 [Docket No. 35].  Mr. Corrales-Felix complained in the Motion to Correct Sentence Pursuant to U.S.S.G. § 5G1.3 that the Federal Bureau of Prisons ("BOP") refuses to grant him credit for all of his prior custody from the date of his arrest on February 16, 2009.  According to Mr. Corrales-Felix, the BOP has

determined he is entitled to prior custody credit commencing on June 8, 2009, and the sentence he is required to serve will be approximately four months longer than the Court and the parties intended if he is not awarded credit for all of his prior custody from February 16, 2009. The Court denied the Motion to Correct Sentence Pursuant to U.S.S.G. § 5G1.3, which was asserted pursuant to 28 U.S.C. § 2255, because the relief Mr. Corrales-Felix sought regarding his prior custody credit is not available under § 2255. The Court advised Mr. Corrales-Felix that any claim he seeks to pursue against the BOP regarding the execution of his sentence must be raised in a habeas corpus action pursuant to 28 U.S.C. § 2241 in the district where he is confined.

Mr. Corrales-Felix contends in the motion to reconsider that he is not challenging the BOP's decision regarding credit for prior custody. Instead, he contends the Court is authorized under § 2255 to correct his sentence by granting a downward departure to account for the BOP's refusal to award the amount of prior custody credit to which he believes he is entitled. He specifically contends "that the sentencing court erred by failing to consider both §§'s 5G1.3(b)(1) & (c) in imposing his sentence." Docket No. 38 at 4.

The motion to reconsider will be granted. Accepting Mr. Corrales-Felix's assertion that he is claiming the Court erred when his sentence was imposed in December 2009, the § 2255 motion should not be denied without prejudice for the reason stated in the Court's prior order. However, the § 2255 motion must still be denied.

First, it appears that the claim Mr. Corrales-Felix seeks to raise is procedurally barred. "Section 2255 motions are not available to test the legality of matters which

should have been raised on direct appeal." *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).  Assuming Mr. Corrales-Felix is claiming the Court erred in imposing his sentence in December 2009, that claim could have been raised on direct appeal.  However, the Court will not deny the § 2255 motion as procedurally barred because, although the Court may raise the procedural bar defense sua sponte, the Court must give Mr. Corrales-Felix an opportunity to respond.  *See id.*  The Court deems it unnecessary to raise the procedural bar defense because it is clear that the § 2255 motion is untimely.

Pursuant to 28 U.S.C. § 2255(f), a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.  That statute provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Generally, the one-year limitation period begins to run when the judgment of conviction in a criminal case becomes final. *See* 28 U.S.C. § 2255(f)(1). Mr. Corrales-Felix's conviction became final on January 18, 2011, when the United States Supreme Court denied his petition for writ of certiorari on direct appeal. *See Corrales-Felix v. United States*, 562 U.S. 1192 (2011). Mr. Corrales-Felix does not allege that he was prevented by unconstitutional governmental action from filing the § 2255 motion sooner, he is not asserting a claim based on a newly-recognized and retroactive right, and he could have discovered the facts supporting his claim before his conviction became final. *See* 28 U.S.C. § 2255(f)(2) - (4). Therefore, the one-year limitation period began to run in January 2011 and expired in January 2012. As a result, the motion is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in § 2255(f) is not jurisdictional and may be tolled for equitable reasons in appropriate cases. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that equitable tolling applies to one-year limitation period in 28 U.S.C. § 2244(d)); *United States v. Gabaldon*, 522 F.3d 1121, 1124-27 (10th Cir. 2008) (applying equitable tolling to one-year limitation period in § 2255(f)). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Mr. Corrales-Felix fails to allege facts that demonstrate he has pursued his claim diligently or the existence of any extraordinary circumstances that prevented him from

filing a § 2255 motion in a timely manner.  Therefore, he fails to demonstrate he is entitled to equitable tolling of the one-year limitation period and the § 2255 motion will be denied as time-barred.  Accordingly, it is

**ORDERED** that the document titled "Reconsideration to Motion to Correct Sentence Pursuant to U.S.S.G. § 5G1.3" [Docket No. 38], which the Court construes as a motion to reconsider, is granted.  It is further

**ORDERED** that the Order Denying 28 U.S.C. § 2255 Motion [Docket No. 36] and the Final Judgment [Docket No. 37] are vacated.  It is further

**ORDERED** that the "Motion to Correct Sentence Pursuant to U.S.S.G. § 5G13" [Docket No. 35] is denied because the motion is untimely.  It is further

**ORDERED** that this civil action is dismissed.  It is further

**ORDERED** that no certificate of appealability will issue because defendant has not made a substantial showing of the denial of a constitutional right.

DATED October 16, 2015.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge